**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-0294-CG-C** |
| | ) | |
| **M/V THE CROWN ROYAL, her engines,** | ) | |
| **Tackle, appurtenances, boats, etc., M/V** | ) | |
| **RESTLESS, her engines, tackle,** | ) | |
| **Appurtenances, boats, etc., <u>in rem</u>, and** | ) | |
| **RICHARD J. ALLEN, SHERI A. ALLEN,** | ) | |
| **And R & S, LLC, an Alabama limited** | ) | |
| **Liability company, <u>in personam,</u>** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DECREE ORDERING SALE OF VESSEL**

The Marshal having returned on the process issued in the above styled cause that he

attached on the 12th day of August, 2010, the M/V THE CROWN ROYAL n/k/a SHRIMPY

TALES her engines, tackle, machinery, and all other necessaries thereunto appertaining and

belonging to said vessel, and the plaintiff having filed proof of notice of publication of arrest in

the Mobile Register (Doc. 56); and it appearing that said vessel is liable to deterioration, decay

or injury by being further detained in custody pending this action and that the cost of keeping

said vessel is expensive and disproportionate;

THEREFORE, it is now **ORDERED**:

1.  That said the M/V THE CROWN ROYAL n/k/a SHRIMPY TALES, her hull, rigging,

tackle, apparel, equipment, furniture, engines and all other appurtenances appertaining and

belonging to said vessel be condemned and sold pursuant to Rule E(9) of the Supplemental Rules

of Certain Admiralty and Maritime Claims at public sale free from all mortgages, liens and other

encumbrances to answer the prayers of the complaint herein;

2. That the M/V THE CROWN ROYAL n/k/a SHRIMPY TALES, is presently in the possession of Childress Marine, a Substitute Custodian appointed by the court;

3. That <u>venditioni</u> <u>exponas</u> issue accordingly, and that the sale take place in front of the entrance to the United States District Courthouse on St. Joseph Street in the city and county of Mobile, State of Alabama, on the 27th day of October, 2010, at 12:00 noon, local time, after advertising notices of the sale are published three times a week for two consecutive weeks in the <u>Mobile Press Register</u>, a newspaper published in the territorial jurisdiction of this court.

4. The plaintiff is authorized by this court to effect such other advertising covering a more extensive area as can be reasonably secured by reasonable costs, and that the extensive advertisement will be taxed as costs herein;

5. That the U.S. Marshal conducting the above described sale shall follow the following terms of sale: the successful and highest bidder at such sale shall immediately upon conclusion of the sale deposit in cash, a cashier's check or certified check, the sum of ten (10%) percent of the bid price; and the successful bidder shall deposit with the U.S. Marshal the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel. Upon the failure of the successful bidder to deposit the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel, the cash deposit will be forfeited.

6. Plaintiff is authorized to credit bid in lieu of cash at the auction up to the amount presently claimed of $277,920.57 USD, subject to paying in cash all costs of the Marshal.

7. The Substitute Custodian, Childress Marine, Inc., shall permit all interested persons or their representatives to visit, inspect and examine the vessel between 9:00 a.m. and 5:00 p.m., by appointment, during the available working days prior to the sale and during such other times as

may be agreed among the parties and the Substitute Custodian, provided that the same shall be at the sole risk and expense of such inspecting person or his representative, and that this order shall release the U. S. Marshal and the Substitute Custodian of any liability for claims by such inspecting persons.

8. That the U. S. Marshal's expenses, including any and all costs incurred in keeping the vessel while under arrest, the Substitute Custodian's fees and all expenses incurred in advertising and arranging the sale of the vessel shall be deemed administrative expenses of the U. S. Marshal. Upon confirmation of these expenses by this court, the U. S. Marshal is authorized to deduct these administrative costs and expenses from the proceeds of the sale of the vessel and custodian ship, and to deposit the remainder of the proceeds of the sale with the clerk of court pending final disposition of this action.

**DONE and ORDERED** this 24th day of September, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE